### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  PAULINE DANNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIV-18-552-HE |
| ) | |
| 1.  HUDIBURG CHEVROLET, LLC, ) | |
| and ) | |
| 2.  HUDIBURG AUTO GROUP, INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | **ATTORNEY LIEN CLAIMED** |

### COMPLAINT

**COMES NOW** the Plaintiff, Pauline Danna, and for her Complaint against the Defendants alleges and states as follows:

### PARTIES

1. Plaintiff, Pauline Danna, is an adult female resident of Pottawatomie County, Oklahoma.

2. Defendants are:

   a. Hudiburg Chevrolet, LLC, an entity doing business in and around Oklahoma County, Oklahoma; and

   b. Hudiburg Auto Group, Inc., an entity doing business in and around Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendants and is based on the following claims: (a) age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"); (b) gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964; (c) failure to pay equal wages in violation of the Equal Pay Act; and (d) failure to pay wages in

1

violation of Oklahoma state law.

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claim as it arises out of the same core of operative facts as the federal claims and jurisdiction over it is vested in this Court under 28 U.S.C. § 1367(a).

5. Plaintiff has exhausted her administrative remedies as to the above-listed claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff initially filed a Charge of Discrimination on or about June 16, 2017. Plaintiff filed an Amended Charge of Discrimination on or about November 22, 2017. Plaintiff received her Dismissal and Notice of Rights letter from the EEOC dated on or about May 23, 2018 (received by Plaintiff by mail thereafter), and Plaintiff has timely filed this action within ninety (90) days of receipt of her notice of right to sue.

6. Defendants are located in Oklahoma County and all acts complained of occurred in or around Oklahoma County. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7. Plaintiff, who was born in September 1964, dedicated nearly thirty-five (35) years to Defendants. She was employed from on or about November 15, 1982, until on or about June 9, 2017, at which time she was wrongfully terminated.

8. Plaintiff was initially hired as a Cashier, but her responsibilities grew exponentially thereafter.

9. In fact, at the time of her wrongful termination, Plaintiff was charged with performing three positions concurrently – Warranty Manager (which she held since in or

around 1992), Cashier Supervisor (which she held since in or around 2002) and Business Development Center ("BDC") Manager (which she held since in or around 2013).

10. Throughout her lengthy tenure, Plaintiff was recognized as a satisfactory or better employee. In addition to receiving multiple promotions, she was regularly complimented on her performance. And, at no time was she written up or disciplined for performance.

11. Despite her good work performance, Plaintiff (at age 52) was called into a meeting on or about June 6, 2017, with Chevrolet Service Manager Rick Harris and GMC/Buick Service Manager Mark White. During the meeting Harris and White told Plaintiff that she was being demoted; her duties as Cashier Supervisor and BDC Manager were being removed; her pay was being significantly cut; and she was being relocated to the parts department, working only as a Warranty Clerk.

12. Harris and White also told Plaintiff she would only be needed as the Warranty Clerk for four, rather than five days per week. And, Harris and White informed Plaintiff that another individual, Melissa (Last Name Unknown), who is in her 30s, had already been hired in Plaintiff's place (as the Cashier Supervisor and BDC Manager).

13. White then commented about Plaintiff retiring. Yet, Plaintiff had not previously mentioned retiring. And, Plaintiff told Harris and White during the meeting that she intended to work, at a minimum, another fifteen (15) to sixteen (16) years.

14. Harris and White claimed the reason Plaintiff was being demoted was because Plaintiff allegedly could not handle the stress of the jobs she performed. However, the stated basis for her demotion was pretext.

15. In fact, for years, Plaintiff successfully performed the duties of each position she held. And, she had not received any discipline for her performance.

16. On or about the day after her meeting with Harris and White (i.e., June 7, 2017), Plaintiff sent a written complaint to Harris and White. Therein, Plaintiff complained about her demotion; being surreptitiously replaced by a significantly younger individual; and her pay being cut (by more than $10,000.00 per year).

17. Plaintiff further complained that during her employment she was paid less than younger and/or male managers.

18. Despite Plaintiff's complaints, no remedial action was taken. Rather, Plaintiff was fired just two days later, on or about June 9, 2017.

19. More particularly, Harris, White and Human Resources Generalist Marla Martin called Plaintiff into a meeting at or around 3:30 p.m. on June 9, 2017. At that time, Martin advised Plaintiff that she (Martin) had spoken with Harris and White about Plaintiff's demotion and agreed with their decision.

20. Plaintiff attempted to speak further with Martin regarding this action, however, Martin said she did not want to hear anything more and that Plaintiff was being demoted.

21. Plaintiff left the meeting at or around 3:58 p.m. and returned to her office. She then left work at or around 4:00 p.m., as her regular work hours were 7:00 a.m. to 4:00 p.m., and she completed her work for the day. Shortly thereafter, at or around 4:33 p.m., Harris called Plaintiff and fired her over the telephone.

22. Harris claimed the reason Plaintiff was fired was because she left the meeting. However, the claimed basis for her termination is pretext.

23. Defendants have a progressive disciplinary policy that was not followed in terminating Plaintiff.

24. Significantly, an Accounting Clerk informed Plaintiff that White told her and another Accounting Clerk that the reason he (White) and Harris initially demoted Plaintiff

was because "they were trying to ease [Plaintiff] into retirement."

25. And, Plaintiff was replaced by Karrisa Haron, who is in her 30s, and Melissa (Last Name Unknown), who is in her 30s. After Plaintiff's termination, Haron and Melissa collectively performed the Warranty Clerk, Cashier Supervisor and BDC Manager roles.

26. In addition to being wrongfully demoted and terminated, Plaintiff was also paid less than younger and/or male managers, including *inter alia* Harris (a male) and White (a male in his early-40s).

27. Moreover, former BDC Manager Melissa Cox (who was in her late-20s/early-30s), was given two pay increases shortly after being hired, while Plaintiff did not receive a pay increase for approximately ten (10) years.

28. This was so despite the fact that Plaintiff performed substantially equal work, requiring equal skill, effort and responsibility, and her job was performed under similar working conditions as compared to her male and/or younger counterparts, including *inter alia* Harris, White and Cox.

29. That is, Plaintiff was required to perform all of the duties of a Service Manager (like Harris and White) for years prior to her wrongful termination. Yet, she was not afforded comparable pay.

30. In fact, Service Managers Harris and White were often absent from the dealership, leaving Plaintiff to perform their duties, including, but not limited to, signing off on job cards for service work completed and fielding questions from Service Technicians, who told Plaintiff they attempted to speak with the "man in charge," referring to the Service Managers, but were told to talk to the "woman who knows everything," referring to Plaintiff, about their service-related questions.

31. Plaintiff had complained to Martin in or around April 2013 that she was not

being paid fairly. Not only was she not paid a comparable rate as the male managers, but she had not been given a pay raise in ten (10) years; whereas, the male and/or younger managers, including *inter alia* Cox, had been given multiple pay increases. And, unlike the younger and/or male managers, Plaintiff was not given a managers' Christmas bonus in 2012 ($0.50 for each car sold), despite receiving the managers' Christmas bonus in the past.

32. Despite her complaint, no remedial action was taken. And, although Plaintiff was given an increase in pay thereafter, the increase came with the added responsibility of accepting the BDC Manager position after Cox left her employment. And, even then, Plaintiff's pay remained significantly less than that of the male and/or younger managers throughout the remainder of her employment.

33. In fact, while Cox was paid a base salary, in addition to $0.52 per appointment made through the BDC, Plaintiff was only paid $0.52 per appointment as the BDC Manager. She did not receive any increase to her base pay (which was in compensation for the other positions she held).

34. Further, Defendants had a policy and/or practice whereby employees were paid their accrued, unused vacation upon separation of their employment. However, Defendants failed to pay Plaintiff her accrued, unused vacation (totaling approximately 112 hours) valued at approximately $1,741.38 upon her termination.

35. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries as described below.

## COUNT I: ADEA - Age Discrimination

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

36. The matters alleged above constitute violations of the ADEA in the form of age

discrimination.

37.     Plaintiff is entitled to relief under the ADEA because, at all times relevant to this action, she was over the age of forty (40); she was qualified for her job; she was demoted and terminated from her employment with Defendants; and her job was not eliminated. Plaintiff was also replaced by significantly younger individuals.  And, Plaintiff was treated less favorably than her similarly-situated, younger counterparts with respect to *inter alia* her pay during her employment.

38.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is also entitled to liquidated damages based upon Defendants' willful misconduct.

## COUNT II: ADEA - Retaliation

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

39.     The matters alleged above constitute violations of the ADEA in the form of retaliation for having engaged in protected opposition to age discrimination.

40.     Plaintiff is entitled to relief under the ADEA because she engaged in protected opposition to age discrimination; she suffered an adverse employment action subsequent to the protected activity; and a causal connection exists between Plaintiff's protected activity and the adverse employment action.

41.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.  Plaintiff is also entitled to liquidated damages based upon Defendants' willful misconduct.

42.     Because the actions of Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT III: Equal Pay Act - Unequal Pay

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

43. The acts above-described constitute violations of the Equal Pay Act.

44. Defendants paid different wages to employees of the opposite sex, i.e., Plaintiff, a female, in comparison with her male co-workers.

45. Plaintiff performed equal work on jobs requiring equal skill, effort and responsibility as her male counterparts.

46. Plaintiff's job and those of her similarly-situated male counterparts were performed under similar working conditions.

47. As the direct and proximate result of Defendants' actions, Plaintiff has suffered lost wages and is entitled to her lost income, past and future, and such remedies as the law may allow. Based on the willful violation of the law, Plaintiff is entitled to liquidated damages.

## COUNT IV:  Title IV – Gender Discrimination and Retaliation

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

48. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of gender discrimination and retaliation.

49. Plaintiff is entitled to relief under Title VII for gender discrimination because Plaintiff, as a female, is a member of a protected class; she was qualified for her job; she was demoted and terminated from her employment with Defendants; and her job was not eliminated. Plaintiff was treated less favorably than her similarly-situated, male counterparts with respect to *inter alia* her pay during her employment.

50. Plaintiff is also entitled to relief under Title VII because she engaged in protected opposition to gender discrimination; she suffered an adverse employment action subsequent to the protected activity; and a causal connection exists between Plaintiff's protected activity and the adverse employment action.

51. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

52. Because the actions of the Defendants were willful, wanton, or at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT V: Unpaid Wages

For her fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

53. Plaintiff has not been paid for earned and accumulated vacation leave (totaling approximately 112 hours), valued at approximately $1,741.38.

54. The failure to pay monies earned (as described herein) is a violation of Oklahoma state law, Okla. Stat. tit. 40, §165.3.

55. As such, Plaintiff is entitled to all damages provided for by law, including attorneys' fees and costs. And, based on the willful violation of the law, Plaintiff is entitled to liquidated damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendants and award compensatory damages, wage loss (including back pay and front pay), emotional distress damages, punitive damages, liquidated damages together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees, and all other damages recoverable as to the above-listed claims.

Respectfully submitted this 5th day of June, 2018.

                                           s/ Jana B. Leonard
                                           **JANA B. LEONARD, OBA #17844**
                                           **LAUREN W. JOHNSTON, OBA #22341**
                                           **SHANNON C. HAUPT, OBA #18922**
                                           **LEONARD & ASSOCIATES, P.L.L.C.**
                                           **8265 S. Walker**
                                           **Oklahoma City, Oklahoma 73139**
                                           **(405) 239-3800 (telephone)**
                                           **(405) 239-3801 (facsimile)**
                                           **leonardjb@leonardlaw.net**
                                           **johnstonlw@leonardlaw.net**
                                           **haupts@leonardlaw.net**